**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| ASHTABULA AREA CITY SCHOOL DISTRICT, | ) CASE NO. 1:25-cv-2362 |
| | ) |
| | ) JUDGE CHARLES E. FLEMING |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | ) **MEMORANDUM OPINION AND ORDER** |
| | ) |
| Defendant. | ) |
| | ) |

Before the Court are two motions: (i) Defendant's motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss") (ECF No. 11); and (ii) Plaintiff's motion for leave to file a second amended complaint pursuant to Fed. R. Civ. P. 15(a)(2) ("Motion to Amend") (ECF No. 15). For the reasons discussed below, the Motion to Amend is **GRANTED** and the Motion to Dismiss is **DENIED AS MOOT**.

**I.      PROCEDURAL BACKGROUND**

On November 11, 2025, Plaintiff Ashtabula Area City School District filed a first amended complaint against Defendant Liberty Mutual Fire Insurance Company. (ECF No. 5). The amended complaint centers on an insurance contract dispute between the parties; with the pleadings alleging that Defendant breached the insurance contract by failing to fully and promptly pay Plaintiff for a claim related to the roof of the academic wing of Lakeside High School ("High School") collapsing due to snowfall on or around December 1, 2024. (*Id.* at PageID #320–31). Plaintiff asserts five causes of action: (i) Breach of Contract I (Count I); (ii) Breach of Contract II (Election-to-Repair Agreement) (Count II); (iii) Declaratory Judgment Regarding Availability of Replacement Cost Benefits (Count III); (iv) Negligence (Count IV); and (v) Breach of Implied

Covenant of Good Faith and Fair Dealing & Unfair Claim Settlement Practices (Bad Faith) (Count V). (*Id.* at PageID #331–41). Plaintiff's prayer for relief includes a request for punitive damages. (*Id.* at PageID #342).

On December 15, 2025, Defendant filed the Motion to Dismiss. (ECF No. 11). Defendant seeks the dismissal of Counts II, III, and IV in their entirety, portions of Count V, and Plaintiff's request for punitive damages, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (*Id.* at PageID #700, 727). Defendant argues that Plaintiff cannot sustain: (i) Count II because there are insufficient allegations that Defendant exercised its "option to repair"; (ii) Count III because it is not ripe (claim is based on a future deadline); and (iii) Count IV because it is duplicative of Count I. (*Id.* at PageID #715–21). Defendant argues that Plaintiff cannot sustain certain portions of Count V because: (i) Ohio law does not recognize a stand-alone claim for breach of implied covenant of good faith and fair dealing; (ii) Ohio law does not recognize a private right of action for "Unfair Claim Settlement Practices"; and (iii) Plaintiff has not satisfied the heightened pleading standard for a fraudulent misrepresentation claim. (*Id.* at PageID #721–24). Finally, Defendant argues that Plaintiff cannot sustain a claim for punitive damages because there are insufficient allegations to demonstrate actual malice. (*Id.* at PageID #724–26).

On January 15, 2026, Plaintiff filed an opposition to the Motion to Dismiss. (ECF No. 14). It also filed the Motion to Amend. (ECF No. 15). Plaintiff asserts that it is seeking to amend the pleadings to consolidate and clarify several of the claims in the first amended complaint, expand the claims to include six additional school buildings damaged in the same weather event that caused damage to the High School, and respond to the arguments raised in the Motion to Dismiss. (*Id.* at PageID #1260–62). The proposed second amended complaint includes allegations based

on claims related to the Huron Primary School, Ontario Primary School, Michigan Primary School, Erie Intermediate School, Superior Intermediate School, and Lakeside Junior High School ("Additional Loss Locations").  (ECF No. 15-1, PageID #1266, 1276–79).  The proposed second amended complaint asserts four causes of action: (i) Breach of Contract – Both the High School and Additional Loss Locations (Amended Count I); (ii) Breach of Contract II (Election-to-Repair) – Only in Relation to High School (Amended Count II); (iii) Declaratory Judgment Regarding Availability of Replacement Cost Benefits - Both the High School and Additional Loss Locations (Amended Count III); and (iv) Bad Faith - – Both the High School and Additional Loss Locations (Amended Count IV).  (*Id.* at PageID #1279–90).  It also keeps the request for punitive damages.  (*Id.* at PageID #1291).

On January 29, 2026, Defendant filed an opposition to the Motion to Amend, (ECF No. 16), and a reply in support of the Motion to Dismiss, (ECF No. 17).  Defendant argues that leave to amend should be denied because the amendments in the proposed second amended complaint do not moot or cure deficiencies raised in the Motion to Dismiss; thus, they are futile.  (ECF No. 16, PageID #1628–34).  Plaintiff filed its reply in support of the Motion to Amend on February 5, 2026.  (ECF No. 18).

II.     **MOTION TO AMEND**

    A.     **Legal Standard**

Pleading amendments are governed by Federal Rule of Civil Procedure 15(a)(2).  Rule 15(a)(2) provides that, in instances of amendment other than amending within 21 days of service of the initial complaint, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that "[t]he court should freely give leave when justice so requires."  "Rule 15 reinforces the principle that cases should be tried on their merits rather than

the technicalities of pleadings, and therefore assumes a liberal policy of permitting amendments." *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (internal citations and quotation marks omitted). The Supreme Court has clarified that absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). The Sixth Circuit has emphasized that "case law in this Circuit manifests 'liberality in allowing amendments to a complaint.'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)). The party opposing a motion to amend the pleadings bears the burden of establishing that the proposed amendments would be futile. *See White v. Emergency Med. Billing & Coding Co.*, No. 11-14207, 2013 U.S. Dist. LEXIS 122293, 2013 WL 4551919, at *4 (E.D. Mich. Aug. 28, 2013) (collecting cases).

    **B.**    **Discussion**

In its opposition to the Motion to Amend, Defendant does not argue that the Court should deny leave to amend because of undue delay, bad faith or dilatory motive, or undue prejudice. Defendant solely argues that the Court should deny the Motion to Amend because the proposed amendments are futile. (*See* ECF No. 16). That said, Defendant does not object to the proposed second amended complaint adding new allegations regarding the Additional Loss Locations or to the proposed claim for breach of contract in Amended Count I. Defendant also concedes that the proposed second amended complaint does cure some of the issues raised in its Motion to Dismiss—namely, removing the negligence claim (Count IV) and curing "certain defects in Count

V . . . ." (ECF No. 16, PageID #1627).  Notably, Defendant does not request that the proposed second amended complaint be denied, in part, but asks that the Court deny leave entirely.  (*Id.* at PageID #1627, 1634).

Setting aside that Defendant does not oppose all the proposed amendments, the Court will address its arguments on futility.  Although Rule 15 encourages leave to amend be freely granted, "a request may be denied if it would be futile, i.e., if the amended complaint would not withstand a motion to dismiss for failure to state a claim." *Doe v. Mich. State Univ.*, 989 F.3d 418, 427 (6th Cir. 2021) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).  To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  Rule 8(a)(2) provides that the complaint should contain a short and plain statement of the claim, but that it should be more than a "the-defendant-unlawfully-harmed-me" accusation. *Id.* at 677–78 (citing *Twombly*, 550 U.S. at 555).  A plaintiff is obligated to provide sufficient grounds to show entitlement to relief; "labels, conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).  Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.*  When reviewing a complaint, a court must construe the

pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

In this case, even if Defendant were correct, and the Court were to find that all the proposed amendments opposed by Defendant were futile, the Court is not compelled or required to deny leave to amend. "Though futility is a permissible basis for denying a motion to amend a pleading, the Supreme Court in *Foman v. Davis* did not mandate that a court *must* deny a proposed amendment if it is futile." *All Pro Brace, LLC v. United States HHS*, No. 1:21-cv-896, 2022 U.S. Dist. LEXIS 209091, at *9 (N.D. Ohio Nov. 17, 2022) (citing *Aladdin Temp-Rite, LLC v. Carlisle FoodService Prods. Inc.*, No. 3:13-0650, 2014 WL 12774872, at *2 (M.D. Tenn. June 16, 2014)) (emphasis in original). "Rather, even if a claim *may* be futile, the Court is not *required* to disallow the amendment." *Id.* (citation and internal quotation marks omitted) (emphasis in original).

Reviewing the record, the Court finds that there is no evidence of undue delay, bad faith or dilatory motive, or undue prejudice to support denying leave to amend at this time. Moreover, the Court finds the interests of efficiency are best served by granting the Motion to Amend. As discussed above, Defendant does not object to the proposed breach of contract claim in Amended Count I, to the addition of facts and claims concerning the Additional Loss Locations, and it does not object to portions of the proposed "bad faith" claim in Amended Count IV. Defendant appears to argue against only the fraudulent misrepresentation portion in Amended Count IV. (*See* ECF No. 16, PageID #1632–33). It is unclear if Defendant is conceding that the remainder of Amended Count IV is not futile.

The parties' arguments for and against dismissal of the claims in the first amended complaint, and whether the proposed amendments are futile, are also interspersed and comingled throughout the parties' opposition and reply briefs addressing the Motion to Dismiss and the

Motion to Amend. Granting leave to amend will allow Plaintiff to remove one challenged claim (Count IV), consolidate others, and add additional facts which are not opposed by Defendant. Under these circumstances, whether the proposed amendments are ultimately futile, and whether Plaintiff's claims are subject to dismissal under Rule 12(b)(6), can be addressed in any subsequent motion to dismiss the second amended complaint. If one is filed, the parties can cleanly and plainly present their arguments relative to the same. Accordingly, the Court **GRANTS** the Motion to Amend (ECF No. 15).

### III. MOTION TO DISMISS

"It is well-settled that motions to dismiss are rendered moot upon the filing of an amended complaint." *Doe v. Oberlin Coll.*, No. 1:17cv1335, 2018 U.S. Dist. LEXIS 237046, at *6 (N.D. Ohio Feb. 23, 2018) (citing cases); *see also Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021) ("The general rule is that filing an amended complaint moots pending motions to dismiss."); *Helms v. Aramark Corr. Servs.*, No. 3:22-cv-1557, 2022 U.S. Dist. LEXIS 231412, at *2 (N.D. Ohio Dec. 21, 2022) (citing *Doe*, 2018 U.S. Dist. LEXIS 237046, at *6). As a result, Defendant's Motion to Dismiss (ECF No. 11) is **DENIED AS MOOT**. Plaintiff will now have filed two amended complaints in this action. The Court cautions Plaintiff that any future requests for leave to amend will likely be denied absent extraordinary circumstances.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend (ECF No. 15) is **GRANTED**. Plaintiff shall file the amended complaint and the accompanying exhibits by close of business on February 13, 2026. The amended complaint will be deemed filed when entered on the docket. Defendant's Motion to Dismiss (ECF No. 11) is **DENIED AS MOOT**. Defendant shall answer or otherwise respond by March 16, 2026.

**IT IS SO ORDERED.**

Date: February 11, 2026

*Charles Fleming*

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**